IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALMA PEREZ, | | |
| | Plaintiff, | No. CIV S-10-1249 GEB KJM PS |
| vs. | | |
| ACCUBANC MORTGAGE, et al., | | |
| | Defendants. | FINDINGS AND RECOMMENDATIONS |
| _____/ | | |

      Defendants' motion to dismiss and to strike came on regularly for hearing August 25, 2010. Plaintiff appeared in propria person. Natilee Riedman appeared for defendants. Upon review of the documents in support and opposition, upon hearing the arguments of plaintiff and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

      In this action removed from state court, plaintiff alleges claims under the Truth in Lending Act ("TILA"), the California Rosenthal Unfair Debt Collections Practices Act ("Rosenthal Act"), negligence, the Real Estate Settlement Procedures Act (" RESPA"), breach of fiduciary duty, fraud, California Unfair Competition Law ("UCL"), Business and Profession Code § 17200 et seq. and breach of the implied covenant of good faith and fair dealing.

/////

/////

Defendants move to dismiss for failure to state a claim and move to strike the allegations pertaining to punitive damages, attorneys' fees and injunctive relief.[1]

Defendants contend several of plaintiff's claims are barred by the applicable statutes of limitations. The time line underlying the transaction at issue, and as confirmed by plaintiff at oral argument, is as follows. The loan underlying this action originated on July 6, 2005. The home purchased with the loan was foreclosed upon on September 24, 2009. This action was filed in the Superior Court of California, County of Sacramento, on April 9, 2010.

The TILA cause of action is barred by the one year statute of limitation (15 U.S.C. § 1640(e)) and any claim for rescission is similarly barred by the three year statute (15 U.S.C. § 1635(f)). Moreover, because the loan at issue is a purchase money loan, the TILA rescission provisions are inapplicable. 15 U.S.C. § 1635(e)(1). The negligence claim is barred by the two year statute of limitations provided under California Code of Civil Procedure § 339. The fiduciary duty claim is barred by the four-year statute of limitations under California Code of Civil Procedure § 343; similarly the fraud claim is time barred under California Code of Civil Procedure § 338 (three years). The UCL claim is time barred under California Business & Professions Code § 17208 (four years). A claim for breach of the implied covenant of good faith and fair dealing must also be brought within four years. See Cal. Code Civ. Proc. § 337.

With respect to plaintiff's remaining claims, plaintiff fails to plead facts that bring the allegedly wrongful conduct within the purview of the statutes. Under the Rosenthal Act, plaintiff fails to state a claim because foreclosing on a home does not constitute debt collection under the act. Izenberg v. ETS Services, LLC, 589 F.Supp.2d 1193, 1199 (C. D. Cal. 2008). The RESPA claim fails because plaintiff fails to plead any facts demonstrating pecuniary

---

[1] In opposition to the pending motion, plaintiff addressed none of the arguments made in defendants' opening brief. At oral argument, plaintiff was invited to contest defendants' arguments, but declined to do so, and made no proffer that would suggest amendment of the complaint would be anything other than futile. The court will therefore recommend that the motion to dismiss be granted without leave to amend. The motion to strike should accordingly be denied as moot.

1 damages. See 12 U.S.C. § 2605(f). Because plaintiff's claims are all either time barred or allege
2 conduct not within the proscriptions of the statutes relied upon, the motion to dismiss should be
3 granted.
4         Accordingly, IT IS HEREBY RECOMMENDED that:
5         1. Defendants' motion to dismiss (docket no. 23) be granted without leave to
6 amend;
7         2. Defendants' motion to strike (docket no. 24) be denied as moot; and
8         3. This action be closed.
9         These findings and recommendations are submitted to the United States District
10 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within
11 fourteen days after being served with these findings and recommendations, any party may file
12 written objections with the court and serve a copy on all parties. Such a document should be
13 captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the
14 objections shall be served and filed within seven days after service of the objections. The parties
15 are advised that failure to file objections within the specified time may waive the right to appeal
16 the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
17 DATED: September 13, 2010.

                              U.S. MAGISTRATE JUDGE

006
perez.57